UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

ESTEBON ALMONTE,

                         Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CR-313 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 9, 2019, the United States of America (the "Government") filed a fifteen-count Indictment against Defendant Estebon Almonte ("Defendant"). Indictment, ECF No. 1. On October 18, 2021, Defendant pled guilty to Counts Two and Three of the Indictment: respectively, Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and Possessing and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii). Plea Agreement, ECF No. 40. This Court now imposes sentence on Defendant guided by the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2). For the reasons discussed below, Defendant is hereby sentenced to a term of 125 months of incarceration, three years of supervised release with special conditions, restitution, forfeiture in accordance with the Order of Forfeiture, and a $200.00 mandatory special assessment.

## I. Background

On January 28, 2018, at approximately 2:50 P.M., Kenneth Brown and Nathaniel Moore entered the Ralph Avenue Food Corporation, located at 444 Ralph Avenue in Brooklyn, New York, while Defendant acted as lookout. Sealed Presentence Investigation Report ("PSR") ¶ 5–6, ECF No. 64. Inside the store, Brown and Moore displayed firearms and stole $1,000.00 in cash and five boxes of Newport cigarettes worth approximately $250.00. *Id.* ¶ 6. The FBI's and NYPD's investigation into the robbery connected Defendant, Brown, and Moore to several other robberies and one attempted robbery of convenience stores in the area, each involving a firearm. *Id.* ¶ 5; *see also id.* ¶¶ 7–12.

1

On July 9, 2019,[1] a grand jury returned a fifteen-count Indictment against Defendant: one count of Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a); six counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); one count of Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and seven counts of Possessing and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii). *See* Indictment. The Government also brought criminal forfeiture allegations for all counts charging a violation of 18 U.S.C. § 924(c)(1)(A)(i)-(ii).

Defendant pled guilty to two charges of the Indictment: Count Two (Hobbs Act Robbery) and Count Three (Possessing and Brandishing a Firearm During a Crime of Violence). *See* Plea Agreement. As part of his plea agreement, Defendant agreed not appeal or otherwise challenge his conviction or sentence if this Court imposes a term of imprisonment at or below 135 months. *Id.* ¶ 4.

## II. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C.

---

[1] Probation incorrectly states Defendant was arrested on July 11, 2018, instead of July 11, 2019. Magistrate Judge Levy issued the arrest warrant for Defendant's arrest on July 9, 2019, and the grand jury returned the indictment that same day. Arrest Warrant, ECF No. 2. Magistrate Judge Levy then arraigned Defendant on July 11, 2019. *See* Docket Report.

§ 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on April 26, 1992, in Edgewater, New Jersey. *Id.* ¶ 69. Defendant's parents and only sibling, a sister, still live in New Jersey. *Id.* ¶¶ 69–70. Defendant reports having a good relationship with his parents, who, along with his sister, are aware of his arrest and remain supportive of him. *Id.*

Defendant grew up in a lower-income household with his mother and maternal grandparents. *Id.* ¶ 71. Defendant's father was a truck driver who was present intermittently, *id.*, while Defendant's mother "worked almost incessantly," Defense Sentencing Memorandum ("Def. Mem.") at 2, ECF No. 93. Defendant reported having a good childhood free of abuse but recalled feelings of abandonment. Def. Mem. at 2.

3

Defendant is currently in a relationship with a woman who is aware of his arrest and remains supportive of him. *See* Garcia Letter of Support, ECF No. 93-1. Defendant has two minor children from prior relationships and reports having good relationships with each. PSR ¶¶ 74–75.

2. *Educational and Employment History*

Defendant graduated from Union City High School in Union City, New Jersey in 2009. *Id.* ¶ 82. After graduating, Defendant participated in a mechanics program at Apex Technical School in Long Island City, New York. *Id.* Defendant reported briefly attending Bergen Community College in Paramus, New Jersey, as well. *Id.*

Defendant has been in custody and unemployed since April 2018. *Id.* ¶ 83. Defendant reports working a variety of jobs before his present term of incarceration, including stints at various construction and moving companies, a computer-tech company, and a fast-food chain. *Id.* ¶¶ 83–87.

3. *Prior Convictions*

Defendant's criminal history is extensive. *Id.* ¶¶ 38–55. Defendant has thirteen adult criminal convictions, in chronological order as follows: (1) Use/Possess with Intent to Use Drugs, for which he was sentenced to a six-month license suspension in May 2012; (2) Possession of Controlled Drugs, for which he was sentenced to another six-month license suspension in August 2012; (3) Disorderly Conduct, for which he was fined in December 2012; (4) Theft by Unlawful Taking, for which he was fined in July 2013; (5) Theft by Unlawful Taking, for which he was sentenced to 180 days of imprisonment and two years of probation in September 2014; (6) Criminal Trespass, for which he was sentenced to forty-five days of imprisonment in May 2014; (7) Receipt of Stolen Property, for which he was sentenced to one

4

year of probation in January 2015, but for which he ultimately received a sentence of 364 days of imprisonment after the sentencing court revoked his original sentence in February 2016; (8) Disorderly Conduct and Under the Influence of Controlled Substance without Prescription, for which he was sentenced to 180 days of imprisonment and four years of probation in September 2014; (9) Obstructing the Administration of Law Enforcement, Under the Influence of Controlled Substance without Prescription, and Simple Assault, for which he was sentenced to ninety days of imprisonment and one year of probation in October 2014; (10) Criminal Trespass and Contempt – Violate Domestic Violence Order, for which he received one year of probation in September 2015; (11) Theft by Unlawful Taking and Criminal Mischief: Damage Property, for which he was sentenced to six months of imprisonment in January 2016; (12) Resisting Arrest, for which he was sentenced to six months of imprisonment in January 2016; and (13) Receipt of Stolen Property, for which he was originally sentenced to time served and five years of probation in December 2016, but was resentenced to four years of imprisonment in April 2018. *Id.* ¶¶ 43–55. Defendant was on probation for this last Receipt of Stolen Property conviction when he committed the instant offense. *Id.* ¶ 56.

    4.    *Physical and Mental Health*

Defendant reports having asthma and stomach pain, for which he is prescribed an inhaler. *Id.* ¶ 79. Defendant also reports having anxiety and trouble sleeping, for which he is prescribed propranolol and mirtazapine. *Id.* ¶ 80.

    5.    *Substance Abuse*

Defendant does not report having a history of drug and alcohol abuse. *Id.* ¶ 81.

      6.    *Nature and Circumstances of the Offense*

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.    The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offenses, which involved participating in an armed robbery during which a firearm was brandished. *See supra* Part I. The Court also recognizes and considers Defendant's participation in numerous other armed robberies and one attempted armed robbery. *See supra* Part I. Although Defendant has not been convicted of these crimes, the allegations are nevertheless relevant given Defendant's prior theft convictions. *See supra* Part I; *supra* Part II.3. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

**C.    The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of Hobbs Act Robbery (Count Two) and one count of Possessing and Brandishing a Firearm During a Crime of Violence (Count Three). *See* Plea Agreement. For Count Two, Defendant faces a maximum term of imprisonment of twenty years

and no minimum term of imprisonment. 18 U.S.C. § 1951(a). Defendant also faces a maximum term of supervised release of three years. 18 U.S.C. § 3583(b)(2). If Defendant violates a condition of release, he may be sentenced to up to two years of imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(e).

For Count Three, Defendant faces a minimum term of imprisonment of seven years and a maximum term of life. 18 U.S.C. § 924(c)(1)(A)(iii); *United States v. Johnson*, 507 F.3d 793, 798-99 (2d Cir. 2007). The term of imprisonment on Count Three must run consecutively to all other counts. 18 U.S.C. § 924(c)(1)(D)(ii). Defendant also faces a maximum term of supervised release of five years. 18 U.S.C. § 3583(b)(1). If Defendant violates a condition of release, he may be sentenced to up to five years of imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(e).

Defendant is ineligible for probation on all counts. 18 U.S.C. §§ 3561(a)(2), 3561(a)(3), and 924(c)(1)(D)(i).

The Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A). Defendant is also subject to forfeiture of $4,000.00 and a .38 caliber Taurus revolver and ammunition recovered from an apartment at 654 East 233 Street, Bronx, New York 10466. Order of Forfeiture, ECF No. 46; *see also* 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); PSR ¶ 106. Pursuant to 18 U.S.C. § 3663A, Defendant also faces mandatory restitution in the amount of $1,250.00. PSR ¶ 105. Lastly, Defendant faces a maximum fine of $250,000.00 on each count pursuant to 18 U.S.C. § 3571(b), which he appears unable to pay. *Id.* ¶ 91.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Probation argues the applicable Guideline for Count Two is U.S.S.G. §2B3.1, which establishes a base offense level of 20. A firearm enhancement is unwarranted for Count Two, as Defendant will be conjunctively sentenced to a firearm offense under 18 U.S.C. § 924(c). U.S.S.G. §2K2.4 n.4.

Probation contends the applicable Guideline for Count Three is U.S.S.G. §2K2.4, which establishes the Guidelines sentence as the statutory mandatory minimum, or 84 months in this case. 18 U.S.C. § 924(c)(1)(A)(ii). Pursuant to Note 2(A) to U.S.S.G. §2K2.4, the term of imprisonment imposed for Count Three must run consecutively to any other term of imprisonment.

Altogether, Probation calculates a total adjusted offense level of 17 for Defendant. PSR ¶ 37. Probation does not add any offense levels under the multiple count analysis in U.S.S.G §3D1.4, but does remove three offense levels for Defendant's timely acceptance of responsibility under U.S.S.G. §3E1.1.

The Government and defense counsel mostly agree with Probation's calculations, but remove an additional two levels from Defendant's total adjusted offense level for being a minor participant in the offense under U.S.S.G. §3B1.2. Government Sentencing Memorandum ("Gov't Mem.") at 6, ECF No. 84; Def. Mem. at 2; *see also* Plea Agreement ¶ 2. The Government and defense counsel therefore calculate Defendant's total adjusted offense level as 15. *Id.*

All parties agree Defendant has a criminal history score of 20, resulting in a criminal history category of VI. Sealed Addendum to the Presentence Investigation Report at 2, ECF No. 94; Gov't Mem. at 7; *see generally* Def. Mem. (raising no objections to Defendant's criminal history category).

According to Probation, a total adjusted offense level of 17, combined with a criminal history category of VI, results in a recommended Guidelines range of 51–63 months of imprisonment for Count Two. PSR ¶ 94. Because an additional 84 months must be added for Count Three, and run consecutively to all other counts, Probation calculates Defendant's total effective Guidelines range as 135–147 months of imprisonment. *Id.*

According to the Government and defense counsel, a total adjusted offense level of 15, combined with a criminal history category of VI, results in a recommended Guidelines range of 41–51 months of imprisonment for Count Two. Gov't Mem. at 7; Def. Mem. at 1. Because an additional 84 months must be added for Count Three, and run consecutively to all other counts, they calculate Defendant's total effective Guidelines range as 125–135 months of imprisonment. *Id.* The Court agrees with and adopts in full the Government and defense counsel's Guidelines and criminal history calculations.

Probation recommends a sentence of 135 months of incarceration, or the bottom of the effective Guidelines range (as calculated by Probation). Probation Recommendation at 1, ECF No. 64-1. Probation argues such a sentence is sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a), highlighting Defendant's lengthy criminal history and involvement in other robberies not factored into his Guidelines calculations. *Id.* at 3.

The Government recommends a Guidelines sentence of 125–135 months of incarceration. Gov't Mem. at 7. The Government argues such a sentence is warranted given the seriousness of

9

armed-robbery offenses, Defendant's high risk of recidivism and lack of remorse, the need for specific and general deterrence, and Defendant's extensive criminal history, which includes "repeatedly committ[ing] crimes while on probation." *Id.* at 7–8.

Defense counsel argues for a below-Guidelines sentence of 84 months and one day, to be followed by three years of supervised release. Def. Mem. at 4. Defense counsel bases this recommendation on Defendant's minor role in the offense; his rehabilitative efforts while in custody; the harsh conditions of incarceration at the Metropolitan Detention Center ("MDC"); the sufficient punishment achieved by a sentence of 84 months and a day of imprisonment and three years of supervised release; Defendant's co-defendants receiving sentences of 24 and 84 months of incarceration, respectively; and the ineffectiveness of deterrence where Defendant has been arrested. *Id.* at 1–6.

The Court has read and considered the letter submitted by Defendant's girlfriend, who describes Defendant as a kind and loving person and commits to helping him reacclimate to life outside of prison after he is released. *See* Letter of Support, ECF No. 93-1. The Court has also read and considered Defendant's own letter to this Court, submitted on December 4, 2024, in which Defendant expresses his remorse and states his intentions to change and improve his life. *See* Defendant's Letter, ECF No. 100. The Court has read and considered current defense counsel's sentencing submission, which includes letters of support from multiple family members. Updated Def. Mem., ECF No. 101. The Court has further reviewed and considered Defendant's education transcript and coursework completion certificates, as well as the letter confirming his enrollment in a college course from his time in the MDC. Exs. to Def. Mem., ECF Nos. 93-2, 93-3; Suppl. to Def. Mem., ECF No. 102.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation states Defendant's involvement in other armed robberies, and one attempted armed robbery, for which he has not been convicted may warrant an upward departure from the Guidelines range under U.S.S.G. §5K2.21 (Policy Statement). *See* PSR ¶ 108.

The parties have not drawn the Court's attention to any additional applicable policy statement. Finding none on its own, the Court proceeds to the sixth § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Court considers defense counsel's argument that a below-Guidelines sentence of seven years and one day is appropriate in light of Defendant's co-defendants receiving sentences of twenty-four and eighty-four months of incarceration, respectively. Def. Mem. at 1. For the reasons set forth in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

Restitution in this case is mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G §5E1.1(a)(1). As previously discussed, Defendant owes restitution in the amount of $1,250.00. *See* PSR ¶ 105.

## IV. CONCLUSION

For the reasons set forth above, the Court imposes a sentence of 125 months of imprisonment; three years of supervised release with both the standard conditions of supervised release and special conditions; restitution of $1,250.00 pursuant to 18 U.S.C. § 3663A; forfeiture in accordance with the Order of Forfeiture; and the mandatory $200.00 special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine, given Defendant's inability to pay. The Court does not excuse Defendant from the mandatory drug testing provisions of 18 U.S.C. §§ 3583(d) and 3563(a).

The Court expressly adopts the factual findings of the Presentence Investigation Report and Addendum thereto, barring any errors contained therein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

      __s/ WFK__
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2025
      Brooklyn, New York